```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF INDIANA
                   HAMMOND DIVISION


WILLIAM E. RILEY,              )
                               )
Petitioner,                    )
                               )
vs.                            )   NO. 2:05-CV-380
                               )       (HCR-92-58)
UNITED STATES OF AMERICA,      )
                               )
Respondent.                    )
```

## OPINION AND ORDER

This matter is before the Court on the Motion Under 28 USC 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed by Petitioner, William E. Riley, on October 13, 2005. For the reasons set forth below, this motion is **DENIED**. The Clerk is **ORDERED to DISMISS** this case. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner, Prisoner No. 862229, at the Pendleton Correctional Facility in Pendleton, Indiana, or to such other more recent address that may be on file for Petitioner.

BACKGROUND

On October 15, 1992, Petitioner pled guilty to one count of a 4-count indictment. As a result, he was sentenced to a 30-month term of imprisonment. Petitioner never appealed his conviction to the Seventh Circuit Court of Appeals.

According to Petitioner, in 1996, he was sentenced in Lake Superior Court. The state court apparently enhanced Petitioner's sentence due to the prior federal conviction.

In the instant motion, Petitioner seeks to have his 1992 plea of guilty and resulting conviction vacated, arguing there was no factual basis for accepting the plea.

DISCUSSION

Habeas Corpus

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal. *Id.; see also Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional

> issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313. Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

In assessing Petitioner's motion, the Court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't.*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid

> claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.* Here, the Court assessed Petitioner's claim with those guidelines in mind.

Aside from the obvious issue of timeliness, Plaintiff's motion is without merit because he is not currently in federal custody by virtue of his 1992 guilty plea. *United States v. Howard*, 962 F.2d 651, 653 (7th Cir. 1992). Instead, Petitioner is currently serving a 1996 state-imposed sentence, which was apparently enhanced based upon the prior federal conviction. While these facts lead Petitioner to conclude that he is "in custody" due to the 1992 federal conviction, he is actually "in custody" by virtue of his 1996 state conviction. *See e.g., Maleng v. Cooke*, 490 U.S. 488, 492 (1989)(holding that a section 2255 petition may not be used to attack a sentence that "has fully expired, merely because the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which Petitioner is convicted."). As Petitioner is not currently in custody for a federal conviction

but, rather, his state conviction, his section 2255 petition is to no avail.

CONCLUSION

For the reasons set forth above, this motion is **DENIED**. The Clerk is **ORDERED to DISMISS** this case. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner, Prisoner No. 862229, at the Pendleton Correctional Facility in Pendleton, Indiana, or to such other more recent address that may be on file for Petitioner.

**DATED:  September 28, 2006**          /s/RUDY LOZANO, Judge
                                        United States District Court