IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 2:05-CV-380 |
| ) | (HCR-92-58) |
| ) | |
| WILLIAM EDWARD RILEY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on: (1) Verified Federal Rule of Procedure 60(b) Petition Withdrawing of Guilty Plea, filed by Petitioner, William E. Riley, on September 30, 2010; and (2) Motion to Dismiss Petitioner's Motion to Withdraw Guilty Plea, filed by the Government on December 20, 2010. For the reasons set forth below, the Government's motion to dismiss is **GRANTED** and the Petitioner's motion is **DISMISSED** for lack of jurisdiction. The Clerk is **ORDERED** to send a copy of this order to William E. Riley, Prisoner #862229, Indiana State Prison, One Park Row, Michigan City, IN 46360, or his most recent address.

BACKGROUND

On October 15, 1992, William E. Riley ("Riley") pled guilty to one count of a 4-count indictment. As a result, he was sentenced

to a 30-month term of imprisonment. Petitioner never appealed his conviction to the Seventh Circuit Court of Appeals.

According to Riley, in 1996, he received a sentence in Lake Superior Court which was enhanced due to his prior felony conviction in this case. On October 13, 2005, Riley filed a Motion Under 28 U.S.C. section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. In that motion, Riley sought to have his 1992 plea of guilty and resulting conviction vacated, arguing there was no factual basis for accepting the plea. This Court denied Riley's 2255 petition on September 28, 2006. Riley filed an application for a certificate of appealability which this Court also denied. The Seventh Circuit Court of Appeals likewise denied Riley's request for a certificate of appealability.

Several years have passed, and now Riley has filed the instant motion, which raises the very same arguments made in his petition pursuant to section 2255, but the argument is now couched in terms of Rule 60(b).

DISCUSSION

In addressing a Rule 60(b) motion, this Court must first determine whether it has jurisdiction to entertain the motion. Under certain circumstances, a Rule 60(b) motion must be treated as a successive habeas petition. *See Dunlap v. Litscher*, 301 F.3d 873, 875 (7th Cir. 2002); *Harris v. Cotton*, 296 F.3d 578, 579-80

(7th Cir. 2002) (citations omitted) ("Prisoners are not allowed to avoid the restrictions that Congress has placed on collateral attacks on their convictions . . . by styling their collateral attacks as motions for reconsideration under Rule 60(b)." If a Rule 60(b) motion is in effect a second or successive petition, a district court lacks jurisdiction to consider it unless the court of appeals has granted the petitioner permission to file such a petition. *See* 28 U.S.C. § 2255; *Dunlap*, 301 F.3d at 875 (explaining how 28 U.S.C. section 2255, paragraph 8, is "clear and bar[s] a district court from using Rule 60(b) to give a prisoner broader relief from a judgment rendered by the court in the prisoner's [2255] proceeding.").

In *Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641 (2005), the Court held that a motion under Rule 60(b) containing certain claims, such as when a petitioner claims that a subsequent change in substantive law is a reason justifying relief from a previous denial of a claim, "is, if not in substance, a 'habeas corpus application,' at least similar enough that failing to subject it to AEDPA's restrictions on successive habeas petitions would be 'inconsistent with' [2254]." *Id.* at 2643-44. In making that finding, the Supreme Court approved the holdings of the Seventh Circuit and its sister circuits in cases such as *Dunlap v. Litscher*, 301 F.3d at 876. However, *Gonzales* also recognized that certain issues presented in Rule 60(b) motions should not be

3

construed as successive petitions. *Gonzales*, 125 S. Ct. at 2648; *see also Dunlap*, 301 F.3d at 876 ("It is only when Rule 60(b) conflicts with AEDPA that it is unavailable to a prisoner . . . [not when, for example,] the state procured dismissal of a prisoner's first federal habeas corpus proceeding by making fraudulent representations to the district court . . . .").

Whether a Rule 60(b) motion is properly considered a successive petition hinges on whether the arguments presented in the motion constitute a "claim," as the term claim is used in section 2244(b). The Court determined that a petitioner brings a "claim" when his motion "attacks the federal court's previous resolution of a claim *on the merits*." *Gonzales*, 125 S. Ct. at 2648 (emphasis in original). The Court distinguished the case where a Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings." *Id.* In those cases (where no "claim" is presented), "there is no basis for contending that the Rule 60(b) motion should be treated like a habeas petition." *Id.* "If neither the motion itself nor the judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed on its own terms creates no inconsistency with the habeas statute or rules." *Id.*

*Gonzalez*'s reasoning has been extended to section 2255 motions which implicate similar concerns of successiveness. *See United*

4

*States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005).  Therefore, where a motion challenges a perceived "defect in the integrity of the proceedings" under section 2255, a Rule 60(b) motion is appropriate.  In this case, Riley is not challenging a procedural error in the habeas proceedings.  The arguments made in the current motion attack the substance of his conviction, and were already advanced by Riley in his section 2255 petition and rejected by this Court.  As a result, Riley's Rule 60(b) motion raises a claim for relief rather than a challenge to defects in a prior collateral review proceeding, and must be treated as a successive collateral attack.  Absent authorization from the Seventh Circuit, this Court lacks jurisdiction to entertain this motion.[1]  Accordingly, Riley's Rule 60(b) motion is dismissed for lack of jurisdiction.

CONCLUSION

For the aforementioned reasons, the Government's Motion to Dismiss is **GRANTED** and Riley's Verified Federal Rule of Procedure 60(b) Petition Withdrawing of Guilty Plea is **DISMISSED** for lack of jurisdiction.

**DATED: March 15, 2011**             /s/ RUDY LOZANO, Judge
                                      **United States District Court**

---

[1] In addition, the Court notes that since Riley is still not in federal custody, any subsequent motion under 28 U.S.C. section 2255 would fail, as explained in this Court's order dated September 28, 2006.